J-S17020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES V. OLIVER | : | |
| | : | |
| Appellant | : | No. 1578 MDA 2020 |

Appeal from the PCRA Order Entered November 17, 2020,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0001403-1993.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: July 30, 2021**

Charles V. Oliver appeals *pro se* from the order denying as untimely his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On January 25, 1995, a jury convicted Oliver of first-degree murder and conspiracy.  The trial court sentenced him to life imprisonment, followed by a consecutive term of five to ten years of incarceration.  Oliver filed a timely appeal to this Court. On April 3, 1996, we affirmed his judgment of sentence.  ***Commonwealth v. Oliver***, 674 A.2d 287 (Pa. Super. 1996).  Oliver did not seek further review.

---

[*] Retired Senior Judge assigned to the Superior Court.

Beginning in 2010, when Oliver filed a *pro se* motion for DNA testing, Oliver has filed a series of PCRA petitions which the PCRA court denied based upon its determination that the petitions were untimely filed, and Oliver could not prove a time-bar exception. In two of Oliver's previous petitions, he claimed his birth certificate was altered and that he was a juvenile when he committed his crimes.

In 2016, Oliver filed a PCRA petition in which he claimed he was entitled to resentencing pursuant to **Montgomery v. Louisiana**, 577 U.S. 190 (2016), because he "insist[ed] he was a juvenile at the time of the February 1986 murder." **Commonwealth v. Oliver**, 160 A.3d 258 (Pa. Super. 2017), non-precedential decision at 4. We rejected this claim as it was clear from the record that Oliver's "birthdate is May 16, 1966, so he was 19 years old at the time of the murder. **Id.** In addition, we concluded that Oliver's "assertion that his 'evil' foster parent(s) changed his birthdate (which [Oliver] claims is actually April 12, 1968), lack[ed] any support in the record." **Id.**

In 2018, Oliver again filed a PCRA petition in which he claimed that "various state governments interfered with his ability to seek relief" under **Montgomery**, **supra**. **Commonwealth v. Oliver**, 221 A.3d 1225 (Pa. Super. 2019), non-precedential opinion at 4. Oliver asserted specifically that "he was sentenced to life imprisonment as an adult based on a fraudulent birth certificate, and that his attempts to prove he was actually a minor at the time he committed the crimes have been stymied." **Id.** (footnote omitted). We

rejected Oliver's claim because Oliver "neither provide[d] any evidence in support of this assertion nor explains why his actual birth date was previously unavailable to him." *Id.* at 5.

On August 21, 2020, Oliver filed the petition at issue, his sixth attempt at post-conviction relief. In this petition, Oliver asserted that he had newly discovered evidence to support his previous claim that his actual birthdate is April 12, 1968. On October 27, 2020, the PCRA court issued a Rule 907 notice of its intent to dismiss Oliver's latest PCRA petition without a hearing because it was untimely. Oliver filed a response. By order entered November 17, 2020, the PCRA court denied the petition. This timely appeal followed. Both Oliver and the PCRA court have complied with Pa.R.A.P. 1925.

We note that Oliver's *pro se* brief does not a contain a statement of issues. Nonetheless, before we would consider any of his substantive arguments, we must first determine whether the PCRA court correctly determined that his sixth PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the

claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Oliver's judgment of sentence became final on May 3, 1996, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Therefore, Oliver had until May 3, 1997, to file a timely PCRA petition. Because Oliver filed the PCRA petition at issue in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Oliver has failed to prove any exception to the PCRA's time bar. Within his brief, Oliver asserts that his latest PCRA petition included a "Pennsylvania State Police Criminal Record History Document, Exhibit #2," which establishes both the previously unknown facts exception and the governmental interference exception." Oliver's Brief at 1.

The newly discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. ***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted). The "governmental interference" exception requires the petitioner to prove that the "failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

Here, the PCRA court concluded that Oliver could not establish either time-bar exception because Oliver could not establish the existence of a "new" fact. The court explained:

> [Oliver] asserts that he meets the "newly-discovered evidence" and "government interference" exceptions to the PCRA time bar. He again asserts that his real date of birth is April 12, 1968, and that he was a juvenile at the time of the February 1986 murder. He again asserts that he is the biological child of Robert Shriver and Elisabeth Halaby and that he was adopted by the Oliver family. As newly discovered evidence of this, he attaches a copy of the request for criminal record check form that he submitted to the Pennsylvania State Police, in which he used not only his name, but also the name Charles Halaby and Charles Shriver, as well as an alternative birth date of April 12,

- 5 -

> 1968. He asserts that this confirms that he was born Charles Halaby on April 12, 1968. However, the criminal history record generated by the State Police only found a result for the name Charles Oliver, not Charles Halaby or Charles Shriver, and the date of birth that triggered a criminal record was May 16, 1966. Just because [Oliver] asked the State Police to search a different name and different birthdate does not prove that this "newly discovered evidence" demonstrates that he had an alternative birthdate.

Rule 907 Notice, 10/27/20, at 3-4.

Our review of the record supports the PCRA court's conclusions that the state police's record check, **based on information Oliver submitted**, did not definitively established that he was born Charles Halaby on April 12, 1968. Even if there were some merit to his claim, Oliver gives no explanation for why he could not obtain this information sooner through the exercise of due diligence, nor does he explain how the government interfered with his gaining this information.

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Oliver's serial PCRA petition because it was untimely, and Oliver had not established a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/30/2021</u>